[Civ. No. 18081.   First Dist., Div. One.   June 25, 1958.]

DELGER TROWBRIDGE, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents; O. A. ARTHUR et al., Real Parties in Interest.

*Assigned by Chairman of Judicial Council.

Delger Trowbridge, in pro. per., for Petitioner.

No appearance for Respondents.

Morris Lowenthal, Juliet Lowenthal and Karl D. Lyon for Real Parties in Interest.

WOOD (Fred B.), J.—Petitioner questions the validity of certain features of an order made by the trial court in a proceeding for settlement of a proposed agreed statement for use upon petitioner's appeal from an order denying his motion for allowance of attorney fees for the conduct of the defense of an administrator of an estate as defendant in the trial of a case in that court.

Petitioner as such appellant prepared and submitted to the opposite parties and to the trial court a proposed statement on appeal. This statement was in two parts. One part in substance was a clerk's transcript. The other part was in form a condensed narrative of the oral proceedings had upon the motion for allowance of fees.

The respondent real parties in interest proposed no amendments to the first part of appellant's proposed statement. As a substitute for appellant's statement of the oral proceedings, they proposed a reporter's transcript of those proceedings and presented a complete transcript, certified by the reporter, for use in effecting such substitution.

The court granted the request for such substitution. Petitioner claims that in so doing the court committed an abuse of discretion and exceeded its jurisdiction, but has failed to convince us that there is in the record before us a basis for us so to hold. He argues that there is much extraneous matter in this reporter's transcript. That may be true (he condensed 78 pages into 47), but it is a fair inference that

the trial court found and concluded that appellant's elimination of the extraneous matter actually resulted in a condensed statement which fails in various respects to give a completely adequate picture to a reviewing court of what was presented to the trial court during the course of the oral proceedings.

■ Another feature of the order to which appellant takes exception is a direction that there be added to the proposed settled statement "all of the proceedings" in the main action "in the form of the record on appeal from the judgment" in said action "as and when the same is finally settled and certified by the above entitled court; and that the hearing on the settlement of the proposed settled statement on appeal of Delger Trowbridge, and the final settlement, engrossment and certification of said settled statement be and the same is hereby continued until after the settlement of the record on appeal from the judgment in the" main action.

This feature of the order was based upon a finding that "all of the proceedings in the" main action "were introduced in evidence at the hearing on Delger Trowbridge's motion for attorney's fees and that it is necessary and essential that all of the proceedings in the" main action "be made a part of said settled statement on appeal of Delger Trowbridge, and that said proceedings be added to said settled statement in the form of the record on appeal from the judgment in said action, and that it is necessary to continue the matter of the settlement of said settled statement on appeal of Delger Trowbridge until such time as the record on appeal from the judgment in said action is finally settled and certified by the Court."

Petitioner contends that the trial court was without power to make such an order. We are not persuaded. It seems entirely logical that appellant furnish the reviewing court a record in some appropriate form of the proceedings had upon the trial of the main action in view of his stipulation putting all of those proceedings in evidence for consideration by the trial court upon the hearing of his motion for attorney fees. It happens that the record of those proceedings is in course of preparation for use in an appeal which petitioner's clients have taken from the judgment rendered in the main action. Why should that record, when completed, not be made available for use upon the appeal from the order denying petitioner's motion for attorney fees? That would avoid the effort and the cost of producing an independent record or of a duplicate record. That is what the questioned order avoids.

It operates as an incorporation by reference of the record of the proceedings in the main action when prepared and settled.[1] This will save appellant the cost of preparing an independent record and seems entirely in harmony with the stipulation whereby he incorporated by reference all of those proceedings as evidence upon the hearing of his motion.

Nor do we find that the trial court exceeded its jurisdiction when it included in the order a direction continuing the settlement of the record upon the appeal from the motion pending the settlement of the record upon the appeal from the judgment in the main action. By so doing the trial court retains jurisdiction to modify its order if a change in circumstances (for example, failure to complete the preparation of an appeal record in the main action) indicates that modification is necessary or desirable.[2]

The order under review is affirmed; the alternative writ of mandate is discharged and the petition for a peremptory writ of mandate is denied.

Peters, P. J., and Bray, J., concurred.

[1]This is a true incorporation by reference, not a consolidation pursuant to rule 11 of the Rules on Appeal.

[2]If for any reason such a record does not become available for incorporation by reference, it is conceivable that a brief description of those proceedings well might be found appropriate and adequate if petitioner-appellant were to prepare and present such a statement.